UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latory Shanon Middleton, | ) C/A No. 2:11-2535-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| John Emerson; Kassi B. Sandifer, | ) |
| Defendants. | ) |

The plaintiff, Latory Shanon Middleton ("Plaintiff"), proceeding *pro se*, files this action on a complaint form, but titles the action as a "Notice of Removal".[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The "Notice of Removal" states that Plaintiff has a pending state court civil action which she is attempting to remove to federal court. The "Notice of Removal" names two individuals as defendants and claims employment discrimination. This Court does not have jurisdiction of this case under the statutes providing for removal of cases from state court. If liberally construed as a Complaint filed pursuant to federal jurisdiction, the Complaint fails to invoke the jurisdiction of the court based on Plaintiff's failure to allege exhaustion of administrative remedies. Additionally, if the Complaint has been exhausted, but the Plaintiff simply failed to address the issue, the Complaint fails to state a claim against the named Defendants. The Notice of Removal/Complaint should be dismissed.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

made of the *pro se* pleading herein pursuant to 28 U.S.C. § 1915(e)(2). This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). Under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319. The Court also has the inherent authority to *sua sponte* dismiss a case for lack of jurisdiction. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)("[I]t is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority.").

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* pleading is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented,

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff has filed an action, which she placed on the court approved complaint form, but titled as a "Notice of Removal." ECF No. 1. Other documents filed by Plaintiff clarify Plaintiff's intent to remove her pending state action to this federal court. Plaintiff's Answers to Local Civil Rule 26.01 Interrogatories state that "[t]he case was in state court and I want it removed to federal court." ECF No. 3 at 1. A state action can be removed to federal court only by a defendant. Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or defendants**...." 28 U.S.C. § 1441(a) (emphasis added). The procedures for removal indicate that "[a] **defendant or defendants** desiring to remove any civil action or criminal prosecution from a State court ...." 28 U.S.C. § 1446(a) (emphasis added). Therefore, this Court does not have jurisdiction to consider Plaintiff's state court action, which she attempts to remove from state court to this federal court, pursuant to the federal statutes providing jurisdiction for removed cases.

In as much as Plaintiff's action could be liberally construed as a Complaint, rather than a Notice of Removal, the Complaint fails to invoke the subject matter jurisdiction of this Court. Plaintiff alleges employment discrimination, so the Complaint could be liberally construed as filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

3

U.S.C. § 2000(e) *et seq*. ("Title VII"). However, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). A federal court can entertain a Title VII claim only after the plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC [Equal Employment Opportunity Commission] has conducted an investigation and determined the validity of the claim." *Id.* at 138. The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.* Plaintiff has not alleged in her Complaint that she received either a right-to-sue letter or is entitled to a right-to-sue letter. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Id.* at 140. Thus, the Complaint fails to allege exhaustion of administrative remedies, as evidenced by receipt of a notice of right-to-sue from the EEOC, and thereby fails to invoke this Court's jurisdiction in an employment discrimination claim under Title VII.

Even if Plaintiff can show that she has exhausted administrative remedies, thereby invoking the jurisdiction of this Court, the Complaint fails to state a claim on which relief may be granted. The Complaint is brought against individuals, and the law is well settled that Title VII "foreclose[s] individual liability." *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir.1999)

(finding that Title VII does not provide for actions against individuals as defendants). The Complaint fails to state a claim on which relief may be granted against the named Defendants.

In conclusion, this Court does not have jurisdiction of this case under the statutes providing for removal of cases from state court. If liberally construed as a Complaint pursuant to Title VII, the Complaint fails to invoke the jurisdiction of the court based on Plaintiff's failure to exhaust administrative remedies. *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.1998) (requiring district court to determine, *sua sponte*, if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."). Additionally, if the Complaint has been exhausted under Title VII, the Complaint fails to state a claim against the named Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismissal at any time if the action fails to state a claim on which relief may be granted). The Notice of Removal/Complaint should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss this action *without prejudice* and without service of process.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 13, 2011
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).